**BRASWELL v. JOSEPH SHAW CO.**

Civ. A. No. 5762.

District Court, N. D. Ohio, W. D.

June 17, 1948.

Malcolm W. Fraser, of Toledo, Ohio, for plaintiff.

Charles W. Owen, Carl F. Schaffer and Owen & Owen, all of Toledo, Ohio, for defendant.

KLOEB, District Judge.

This action involves the alleged infringement of United States Letters Patent No. 2,238,306, issued April 15, 1941, and relating to a curb feeler or finder for automobiles.

Paragraph one of the patent in suit describes the invention as follows: "This invention relates to curb feelers for vehicles and has for a primary object the provision of an improved form of device which is applicable preferably to a fender of an automotive vehicle, but also in some cases to a bumper or other more or less resonant part of a vehicle, whereby upon a too close approach to a curb or other obstacle the engagement of an extended portion of the feeler will set up vibrations in the supporting fender or other resonant member, thereby indicating to the vehicle operator the position of the vehicle relative to said curb or obstacle."

The feeler or finder is a simple device comprised of two parts, a bracket, which is bolted to the fender, and a helically coiled spring, both ends of which are fastened to the bracket to form a loop extending at right angles to the fender. When the automobile is backed or drawn too close to a high curb the looped coil spring scrapes the curbing and sets up a vibration which is transmitted to the fender, which produces a sonic signal warning the operator of the proximity of the fender to the curbing. The looped spring extending from the bracket renders the device less liable to cause injury to a person or damage to his clothing because of the ability of the loop to flex freely in either direction.

The complaint, which was filed on July 31, 1947, charges, in effect, that United States Letters Patent No. 2,238,306 were duly and legally issued to plaintiff on application filed October 7, 1939, and that plaintiff has been and still is the owner of the entire right, title, and interest therein; that defendant for a long time past has been, and still is, infringing the Letters Patent by manufacturing and selling curb

feelers embodying the patented invention, and will continue to do so unless enjoined by the Court. Wherefore, plaintiff prays for an injunction against further infringement, that the Letters Patent be decreed good and valid, and that defendant may be decreed to pay over to plaintiff all profits and gains which it has realized, in addition to damages suffered by reason of the infringing acts complained of.

The answer of the defendant, filed September 19, 1947, admits that United States Letters Patent No. 2,238,306 were issued to plaintiff, but denies that the patent was duly and legally issued, and that the structure shown and described therein was a patentable invention; denies that it has been or still is infringing any valid rights of the plaintiff, and sets up the defenses of anticipation and lack of novelty or patentability.

The issue is bluntly defined by the defendant in the opening paragraph of his trial brief, as follows: "The only issue in this case is that of validity of the Braswell patent No. 2,238,306 in suit—infringement being admitted if patent is held valid."

This position was reiterated by the defendant at the commencement of the trial held on December 22, 1947.

It appears that, in 1939, a Mr. Arthur Pass was President and part owner of the Toledo Automotive Products Company of Toledo, Ohio; that plaintiff was financially unable to manufacture his device and he thereupon contacted Mr. Pass who undertook, under a verbal agreement, to manufacture and sell the device, the consideration being a royalty of 4¢ to be paid to the plaintiff for each curb feeler sold. The manufacture and sale of the device was gotten under way and sales were made until some time in the year 1941, when materials became scarce due to the war situation, and the company was unable to continue further with the manufacture of the device.

In the year 1945, plaintiff discovered that the Toledo Automotive Products Company had, on December 2, 1944, sold its entire business and assets, including the equipment, dies, jigs, and materials, designed to produce the curb feeler, to the defendant, Joseph Shaw Company.

On September 10, 1945, a Mr. Norman J. Boroughs, of Los Angeles, California, acting on behalf of plaintiff, wrote a letter (plaintiff's Exhibit 17), to the defendant company, in which he informed the defendant that he was writing in behalf of a group, including the inventor, who owned the patent and other rights to this device.

Defendant claims that the first notice of infringement, giving the number of the Braswell patent and its date, was by letter of August 26, 1946, from Mr. Boroughs, but plaintiff's Exhibit 17 clearly contains adequate notice to the defendant of the existence of the patent and of its ownership.

Defendant refused to enter into a license agreement and proceeded to manufacture and sell the curb feeler, using the same trademark, "Telecurb", which had been used by the Toledo Automotive Products Company, and the same die for the bracket of the curb feeler. It also sold the curb feelers with the letters "Tapco" and the legend "Pat. Pending" imprinted thereon. It is not claimed by plaintiff that the devices now being manufactured and sold by the defendant contain the imprint "Pat. Pending" and "Tapco".

The prior art relied upon by defendant as being in anticipation of the claims of the patent in suit are as follows: Reznor, 2,141,844; Brandes, 2,130,260; Kernodle, 2,208,697; Shepard, 743,939; Sweeney, 807,789; Hess, 1,709,400.

Neither Sweeney nor Hess are argued by the defendant in its brief. Neither appear to be relevant to the device in suit.

Shepard is a safety alarm device for marine vessels which, upon contact with the bottom of the lake or ocean, establishes an electric circuit which rings a bell on the boat or ship. It appears to be irrelevant.

Kernodle is another electrical signalling device which is remote to plaintiff's device.

Brandes and Reznor appear to be the closest to plaintiff's device in the prior art cited and relied upon. Contact in the Brandes device is made by a rigid pin and in the Reznor device by a reed-like arm. Both of these patents were before the Patent Office during the consideration of the application for the patent in suit, and despite the consideration of these devices the

patent in suit was issued by the Patent Office.

In Walker on Patents, Deller's Edition, Volume Two, at page 1273, we find the following: "A presumption of validity follows from the issuance of a patent, and the burden is on the person alleging invalidity to establish it." (Here follow numerous citations.) And the following: "The presumption can be overcome only by clear and satisfactory proof." (Citations follow.)

In the case of Modern Products Supply Co. v. Drachenberg, 6 Cir., 152 F. 2d 203, at page 205, we find the following: "Most of the pertinent references in the record were before the Patent Office and were rejected as anticipations. This fact greatly strengthens the presumption of novelty and invention which arises from the grant of the patent."

That the device has enjoyed commercial success is well established in the record. In addition, the defendant is not in a position to argue against commercial success because it has selected the plaintiff's device in the face of its citations of alleged anticipatory devices, and has proceeded over a period of years to manufacture and sell the device of the plaintiff. It must be assumed that it did not pursue such a course as a losing venture and that commercial success is the lure that induces it to persist in the manufacture and sale of plaintiff's device.

We, of course, understand that commercial success alone is not conclusive upon the question of novelty or invention.

In the case of Cleveland Trust Co. v. Schriber-Schroth Co., 92 F.2d 330, at page 335, (Sixth Circuit), we find the following: "It is, of course, axiomatic that commercial success is not of itself conclusive upon the question of novelty or invention, and where such success is fairly attributable to other causes, such as the reputation of the manufacturer, his extensive advertising and superior salesmanship, it will be wanting in persuasiveness. *But, where no alternative inferences are to be drawn, commercial success is highly indicative of invention.*" (Emphasis supplied.)

There is nothing in the record from which it may be inferred that other causes, such as the reputation of the manufacturer, extensive advertising, or superior salesmanship, are responsible for the successful marketing of plaintiff's device. Defendant called but one witness to the stand, one Joseph Shaw, a partner in the defendant company, for the purpose only of showing that the defendant company had no knowledge, at the time of its purchase of the assets of the Toledo Automotive Products Company on December 2, 1944, that the curb finder was covered by a patent. This witness further testified that the first definite knowledge he had of the existing patent was by way of Plaintiff's Exhibit 19–E, which was the letter of August 26, 1946.

It is the opinion of the Court that plaintiff has produced a successful commercial device; that the invention is a valuable contribution to the art, and that infringement by the defendant is obvious, not alone from an inspection of the photographs introduced as evidence in the case, but from defendant's own admissions as contained in his answers to plaintiff's interrogatories Nos. 1, 2, 3, and 4, being Plaintiff's Exhibit No. 25.

It is, therefore, the conclusion of the Court that each and all of the five claims of the patent in suit are infringed; that the presumption of validity that attaches to the patent in suit has not been overcome by clear and convincing proof; that such presumption has been enhanced and strengthened by the fact that the pertinent prior art references were considered by the Patent Office; and that the commercial success enjoyed by the patented device is highly indicative of invention.

Injunction may issue against further infringement of the Letters Patent by the defendant. On the question of profits and damages, unless the parties can agree within a period of ten (10) days, this issue will be referred to a Special Master to take an accounting and report back to the Court. The Court has not considered the assessment of treble damages.

We are of the opinion that, under the provisions of Rule 52 of the amended Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the foregoing opinion sufficiently sets forth the findings of fact and conclusions of law in this case. However,

366

if counsel upon either side desire categorical findings of fact and conclusions of law, they may be prepared and submitted to the Court within ten days.